Nicholas J. Henderson, OSB No. 074027
nick@elevatelawpdx.com
Elevate Law Group
6000 Meadows Road, Suite 450
Lake Oswego, OR 97035
(503) 417-0500 Telephone
(503) 417-0501 Facsimile

*Proposed Attorneys for Debtor 1700 Edgewater, LLC.*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>1700 EDGEWATER, LLC<br><br>Debtor. | Case No.  24-62194<br><br>DISCLOSURE STATEMENT RE: PLAN OF LIQUIDATION DATED MAY 30, 2025 |

## ARTICLE I.

### Introduction

This is the Disclosure Statement (the "***Disclosure Statement***") in the Chapter 11 case of 1700 Edgewater, LLC, (the "***Debtor***"). This Disclosure Statement contains information about the Debtor and describes the Debtor's Plan of Liquidation dated May 27, 2025, (the "***Plan***") filed by Debtor. A full copy of the Plan has been provided with this Disclosure Statement.

**Your rights may be affected. You should read the Plan and this Disclosure Statement carefully and discuss with your attorney. If you do not have an attorney, you may wish to consult one.**

The proposed distributions under the Plan are discussed at pages 5-8 of this Disclosure Statement. General unsecured creditors not entitled to priority treatment are classified in Class 7 of the Plan, and will receive distributions as set forth in Section III C (3) below.

Elevate Law Group
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

## ARTICLE II.

### Purpose of This Document

This Disclosure Statement describes:

- The Debtor and significant events during the bankruptcy case;

- How the Plan proposes to treat claims or equity interests of the type you hold (i.e., what you will receive on your claim or equity interest if the plan is confirmed);

- Who can vote on or object to the Plan;

- What factors the Bankruptcy Court (the "*Court*") will consider when deciding whether to confirm the Plan;

- Why the Debtor believes the Plan is feasible, and how the treatment of your claim or interest under the Plan compares to what you would receive on your claim or interest in liquidation; and

- The effect of confirmation of the Plan.

And includes the following exhibits:

Exhibit 1:    Liquidation Analysis

Exhibit 2:    Appraisal Report

Be sure to read the Plan as well as this Disclosure Statement. This Disclosure Statement describes the Plan, but it is the Plan itself that will, if confirmed, establish your rights. The only representations that are authorized by the Debtor concerning the Debtor, the value of its assets, the extent of their liabilities, or any facts material to the Plan are representations contained in this Disclosure Statement, the Schedules, the Statement of Financial Affairs, and the monthly financial reports filed with the Court. No representations concerning this Plan or the Debtor, other than those contained in this Disclosure Statement, the Schedules, the Statement of Financial Affairs, and the monthly financial reports filed with the Court should be relied upon.

Elevate Law Group
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

Any other representations should be reported to Nicholas J. Henderson, attorney for the debtor-in-possession, for referral to the Court for appropriate action.

## ARTICLE III.

### Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing

The Court has not yet confirmed the Plan described in this Disclosure Statement. This section describes the procedures pursuant to which the Plan will or will not be confirmed.

### 3.01        Time and Place of the Hearing to Confirm the Plan

The hearing at which the Court will determine whether to confirm the Plan will take place on _____, at _____ a.m. before the Honorable David Hercher, United States Bankruptcy Judge, Courtroom No. 3, 1050 SW 6th Ave., Suite 700, Portland, OR 97204. The Bankruptcy Court will confirm the Plan only if the relevant requirements set forth in 11 U.S.C. § 1129 are satisfied.

### 3.02        Deadline For Voting to Accept or Reject the Plan

If you are entitled to vote to accept or reject the plan, vote on the enclosed ballot and return the ballot in the enclosed envelope to the attorney for Debtor, Nicholas J. Henderson, 6000 Meadows Road, Suite 450, Lake Oswego, OR 97035. See section "IV. Confirmation Requirements and Procedures," paragraph A, below for a discussion of voting eligibility requirements.

**Your ballot must be received by _____, or it will not be counted.**

### 3.03        Deadline For Objecting to Confirmation of the Plan.

Objections to confirmation of the Plan must be in writing and must be filed with the Clerk of the Bankruptcy Court and served on counsel for Debtor on or before _____. Counsel for Debtor, on whom objections must be served, is Nicholas J. Henderson, Elevate Law Group, 6000 Meadows Road, Suite 450, Lake Oswego, OR 97035; Phone: (503) 417-0508; Email: nick@elevatelawpdx.com.

Elevate Law Group
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

**3.04        Identity of Person to Contact for More Information**

If you want additional information about the Plan, you should contact Counsel for

Debtor, Nicholas J. Henderson, Elevate Law Group, 6000 Meadows Road, Suite 450, Lake

Oswego, OR 97035; email: nick@elevatelawpdx.com.

## ARTICLE IV.

### Disclaimer

If accompanied by a Court Order stating that the Court has conditionally approved this

Disclosure Statement, then the Court has conditionally approved this Disclosure Statement as

containing adequate information to enable parties affected by the Plan to make an informed

judgment about its terms. If no order accompanies this Disclosure Statement, then the Court has

not conditionally approved this Disclosure Statement. The Court has not yet determined whether

the Plan meets the legal requirements for confirmation, and the fact that the Court has approved

this Disclosure Statement does not constitute an endorsement of the Plan by the Court, or a

recommendation that it be accepted. The Court's approval of this Disclosure Statement is subject

to final approval at the hearing on confirmation of the Plan.

## ARTICLE V.

### Background

**Description and History of the Debtor and Events Leading to Bankruptcy**

Debtor was formed for the purpose of owning, developing, and managing real property in

Oregon on November 18, 2021.  The Debtor owns 63.10 acres of real property that contains

developable land area of approximately 39.14 acres, located at 1750 Edgewater Road N, Salem,

Oregon (the "*Property*").

On or about June 16, 2022, AMR lent the Debtor $4,650,000 for a term just short of two

years (the "*1700 Loan*").  The 1700 Loan carried a 12% nominal interest rate, but a higher real

cost of funds due to the reserves that AMR withheld to make monthly payments to itself. The

Elevate Law Group
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

1700 Loan is secured by a first position deed of trust encumbering the Property, recorded in the Marion County real property records as Instrument No. 2022-007586.

On or about December 30, 2022, Debtor executed and delivered to AMR a Commercial Real Estate Deed of Trust to provide additional collateral for a loan given by AMR to 1800 Cordon Road, LLC in the amount of $2,150,000 (the "*1800 Loan*").  The deed of trust for the 1800 Loan is recorded in the Marion County real property records as Instrument No. 2022-013341.

On April 15, 2024, AMR recorded a Notice of Sale to foreclose on the Property as Instrument No. 2024-002788.  The Notice of Sale scheduled a foreclosure sale for 10:00 a.m. on September 30, 2024.

Debtor filed bankruptcy on September 30, 2025, to prevent AMR's foreclosure sale of the Property, to preserve Debtor's significant equity in the Property.  Attached as Exhibit 2 is Debtor's most recent appraisal for the Property from BBG Real Estate Services, which Debtor obtained in conjunction with its efforts to refinance the Property.  This appraisal values the Debtor's Property at $15,300,000, based on a 12 to 24 months exposure and marketing time.

Since the petition date, Debtor has been seeking financing to refinance AMR's debt, to allow development and construction to proceed.  Debtor has also employed Hilco Real Estate, LLC ("*Hilco*") to market and sell the Property.

**Debtor's Insiders.**

The insider of the Debtor is Charles Sides, who owns 100% ownership in Debtor.

**ARTICLE VI.**

**Management of the Debtor Before and During the Bankruptcy**

During the two years prior to the date on which the bankruptcy petition was filed, and at all times since the filing of the petition, the Charles A. Sides ("Sides") has managed the Debtor's

Elevate Law Group
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

business affairs.  Sides will continue to manage the Debtor and its affairs following confirmation of the Plan and after the Effective Date.

## ARTICLE VII.

### Significant Events During the Bankruptcy Case

The following is a list of significant events that have occurred since the petition:

| Date: | Event: |
|---|---|
| 9/30/2024 | Petition for Bankruptcy Filed |
| 11/4/2024 | Amended Petition Filed to Remove Subchapter V Designation |
| 11/12/2024 | Case Management Conference Held |
| 2/7/2025 | Motion to Dismiss Filed by AMR Investment Group, LLC |
| 3/12/2025 | Hearing Held on AMR's Motion to Dismiss |
| 3/13/2025 | Order Entered Denying AMR's Motion to Dismiss |
| 4/18/2025 | Order Entered Authorizing Debtor to Employ Hilco |

## ARTICLE VIII.

### Projected Recovery of Avoidable Transfers

The Debtor is investigating the viability of potential preference, fraudulent conveyance, or other avoidance actions.  Debtor has not yet made a determination if any viable claims exist and are in the best interest of the estate to pursue.

## ARTICLE IX.

### Claims Objections

Except to the extent that a claim is already allowed pursuant to a final non-appealable order, the Debtor reserves the right to object to claims. Therefore, even if your claim is allowed

Elevate Law Group
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

for voting purposes, you may not be entitled to a distribution if an objection to your claim is later upheld. The procedures for resolving disputed claims are set forth in Article V of the Plan.

## ARTICLE X.

## Summary of the Plan of Liquidation and

## Treatment of Claims and Equity Interests.

**What is the Purpose of the Plan?**

As required by the Code, the Plan places claims and equity interests in various classes and describes the treatment each class will receive. The Plan also states whether each class of claims or equity interests is impaired or unimpaired. If the Plan is confirmed, your recovery will be limited to the amount provided by the Plan.

## ARTICLE XI.

## Unclassified Claims

Certain types of claims are automatically entitled to specific treatment under the Code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Debtor have not placed the following claims in any class:

**11.01    Administrative Expenses**

Administrative expenses are costs or expenses of administering the Debtor's Chapter 11 case which are allowed under § 507(a)(2) of the Code. Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment.

Elevate Law Group
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

The following chart lists the Debtor's estimated administrative expenses, and their

proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Expenses Arising in the Ordinary Course of Business After the Petition Date | $0.00 | Paid in full on the effective date of the Plan, or according to terms of obligation if later. |
| The Value of Goods Received in the Ordinary Course of Business Within 20 Days Before the Petition Date | $0.00 | Paid in full on the effective date of the Plan, or according to terms of obligation if later. |
| Professional Fees, as approved by the Court. | $150,000 (estimated) | Paid in full on the effective date or according to a separate written agreement after such fees have been approved by the Court.  This includes both Debtor's counsel and Kenneth Eiler, the previous Subchapter V Trustee. |
| Clerk's Office Fees | $0.00 | Paid in full on the effective date of the Plan. |
| Other administrative expenses | $500,000 (estimated) | Hilco is to be paid on commission pursuant to the agreement approved by the Bankruptcy Court. |
| Office of the U.S. Trustee Fees | $250 | Paid in full on the effective date of the Plan or when due. |
| TOTAL | $650,250 | |

**11.02     Priority Tax Claims**

Priority tax claims are unsecured income, employment, and other taxes described by §

507(a)(8) of the Code.   Any priority tax claims shall be paid in full on the Effective Date.

Elevate Law Group
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

## ARTICLE XII.

## Classes of Claims and Equity Interests

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan.

### 12.01    Classes of Secured Claims

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim.

The following chart lists all classes containing Debtor's secured prepetition claims and their proposed treatment under the Plan:

| Class | Description | Impairment | Collateral / Treatment |
|---|---|---|---|
| 1 | **Secured Claim of AMR Investment Group, LLC** | No | The Class 1 Claim is secured by the Property. The Class 1 Claim will be paid in full on the Effective Date, along with all accrued interest to that date.  The "Effective Date" is the date on which <u>both</u> of the following conditions are satisfied:<br><br>(1)    the Court's entry of an order confirming this Plan that is not stayed or appealed; and<br><br>(2)    the date on which a "Capital Event" occurs.  In Section 7.1 of the Plan, a Capital Event is defined as the closing of a sale of the Property, a refinance, or a joint venture by the Debtor. |

### 12.02    Classes of Priority Unsecured Claims

Certain priority claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a claim

Elevate Law Group
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

receive cash on the effective date of the Plan equal to the allowed amount of such claim. However, a class of holders of such claims may vote to accept different treatment.

### 12.03 Classes of General Unsecured Claims

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code. The Plan specifies 1 class of general unsecured claims. Class 2 shall consist of all allowed general unsecured claims. The following chart identifies the Plan's proposed treatment of Class 2:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 2 | General Unsecured Creditors | Not Impaired | All allowed Class 2 Claims shall be paid in full on the Effective Date. |

### 12.04 Classes of Equity Interest Holders

The Plan's proposed treatment of the class of equity interest holders is as follows:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 3 | Interest Holders | Not Impaired | Equity/Interest Holders shall retain their interests in the Debtor. |

The above is intended only as a summary and brief description of the Plan. Many of the operative provisions of the Plan that may affect the treatment of specific claims may have been omitted from this brief description. Therefore, the Plan should be read fully and carefully to determine how a specific claim is to be treated under the Plan.

## ARTICLE XIII.

## Means of Implementing the Plan

The Debtor shall generate the funds necessary to make the payments under the Plan by selling its property or refinance to pay off all outstanding debts. The Debtor, creditors, and interest holders will take all actions and execute whatever documents are necessary and appropriate to effectuate the terms of the Plan.

Page 10 of 18   DISCLOSURE STATEMENT
{00714406:3}          (PLAN OF LIQUIDATION DATED MAY 30, 2025)

Elevate Law Group
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

## ARTICLE XIV.

### Risk Factors

This Disclosure Statement contains statements that are based on projected financial estimates, and therefore involve risks and uncertainty. The Debtor has asserted that the value of its property is approximately $15,300,000.  If Debtor's estimates are correct, and if Debtor was given time to market and sell the property under favorable conditions, Debtor would have almost $6,000,000 in equity over and above the secured debt attached to the property, after accounting for estimated costs of sale.  If the Plan is not confirmed, Debtor's secured creditor will be allowed to proceed with foreclosure of its lien against the real property, which could result in a total loss of equity for Debtor, unsecured creditors, and equity holders.  Additionally, given the fluctuation of the real estate market, there is a risk that Debtor will be unable to sell or refinance its Property for an extended period of time, or at a price near the estimated value described above.

Another risk is that AMR has sued Sides for $6,406,541.72 to enforce Sides's personal guarantees of AMR's loans to the Debtor and to 1700 Edgewater LLC. Should AMR succeed in its lawsuit it could seek to enforce its judgment. In response, the Debtor would file a motion for imposition of a co-debtor stay under 11 U.S.C. § 105. Another alternative would be for Sides to seek chapter 11 protection for himself, which would add further complications and possible delays.

Creditors and equity interest holders should carefully consider all of the risks described in this Section when evaluating the Plan.

## ARTICLE XV.

### Executory Contracts and Unexpired Leases

Debtor has had no known executory contracts or unexpired leases. In the event that any such executory contract or unexpired lease arises, The Plan will specify whether it: (a) will be

Elevate Law Group
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

"assumed" as an obligation of the reorganized Debtor (generally meaning that defaults will be cured and the agreement will be reinstated), or (b) will be assumed and then instantaneously assigned to a specified person, or (c) will be "rejected" (meaning that Debtor will no longer perform under the agreement, and the other party can file a claim for damages resulting from that rejection (§ 502(g)).

## ARTICLE XVI.

### Tax Consequences of Plan

Creditors and interest holders concerned with how the plan may affect their tax liability should consult with their own accountants, attorneys, and/or advisors.

The following discussion summarizes in general terms certain federal income tax consequences of the implementation of the Plan based upon existing provisions of the Internal Revenue Code of 1986, as amended (the "Internal Revenue Code"), court decisions, and current administrative rulings and practice. This summary does not address the federal income tax consequences of the Plan to holders of priority or secured claims, nor does it address any state, local or foreign tax matters or the federal income tax consequences to certain types of creditors (including financial institutions, life insurance companies, tax exempt organizations and foreign taxpayers) to which special rules may apply. No rulings or opinions have been or will be requested from the Internal Revenue Service with respect to any of the tax aspects of the Plan. THIS ANALYSIS DOES NOT ADDRESS THE TAX IMPLICATIONS OF THE PLAN TO ANY SPECIFIC CREDITOR. Substantial differences in the tax implications are likely to be encountered by the creditors because of the difference in the nature of their Claims, their taxpayer status, their method of accounting, and the impact of prior actions they may have taken with respect to their Claims.

Elevate Law Group
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

The following are the anticipated tax consequences of the Plan:

**16.01    Tax Consequences to the Debtor.**

The Debtor does not anticipate any extraordinary or unusual tax consequences because all claims will be paid in full.  In the event the Debtor sells the Property, Debtor shall pay any applicable capital gains taxes that result from the sale.

**16.02    General Tax Consequences on Creditors.**

Creditors will likely not experience any unusual or extraordinary tax consequence following Confirmation of the Plan.  Payments will be treated in the same manner as they were treated before Confirmation of the Plan. As discussed above, the effect of the Plan on specific creditors will depend on specific financial information relative to such creditor that is unknown to the Debtor. As a result, the tax implications to specific creditors cannot be completely described herein.

THE OPINIONS SET FORTH IN THIS DISCLOSURE STATEMENT ARE STRICTLY THOSE OF THE DEBTOR AND/OR THEIR TAX ADVISORS. THE PLAN MAY HAVE TAX CONSEQUENCES TO CREDITORS. TAXING AUTHORITIES ARE NOT BOUND BY THIS DISCLOSURE STATEMENT OR THE DEBTOR'S OPINIONS REGARDING TAX CONSEQUENCES OF THE PLAN.

## ARTICLE XVII.

### Confirmation Requirements and Procedures

To be confirmable, the Plan must meet the requirements listed in §§ 1129(a) or (b) of the Code. These include the requirements that: the Plan must be proposed in good faith; at least one impaired class of claims must accept the plan, without counting votes of insiders; the Plan must distribute to each creditor and equity interest holder at least as much as the creditor or equity interest holder would receive in a chapter 7 liquidation case, unless the creditor or equity interest

Page 13 of 18   DISCLOSURE STATEMENT
{00714406:3}        (PLAN OF LIQUIDATION DATED MAY 30, 2025)

Elevate Law Group
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

holder votes to accept the Plan; and the Plan must be feasible. These requirements are not the only requirements listed in § 1129, and they are not the only requirements for confirmation.

**Who May Vote or Object**

Any party in interest may object to the confirmation of the Plan if the party believes that the requirements for confirmation are not met.

Many parties in interest, however, are not entitled to vote to accept or reject the Plan. A party in interest has a right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both (1) allowed or allowed for voting purposes and (2) impaired.

In this case, the Plan Proponent believes that none of the classes of claims are impaired, because all claims will be paid in full on the Effective Date. As a result, none of the creditors are entitled to vote to accept or reject the Plan, and no solicitation efforts will be made.

**17.01    What Is an Allowed Claim or an Allowed Equity Interest?**

Only a creditor or equity interest holder with an allowed claim or an allowed equity interest has the right to vote on the Plan. Generally, a claim or equity interest is allowed if either (1) the Debtor have scheduled the claim on the Debtor's schedules, unless the claim has been scheduled as disputed, contingent, or unliquidated, or (2) the creditor has filed a proof of claim or equity interest, unless an objection has been filed to such proof of claim or equity interest. When a claim or equity interest is not allowed, the creditor or equity interest holder holding the claim or equity interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or equity interest for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure. **The deadline for filing a proof of claim for non-governmental creditors in this case was March 29, 2025.**

Page 14 of 18   DISCLOSURE STATEMENT
{00714406:3}        (PLAN OF LIQUIDATION DATED MAY 30, 2025)

Elevate Law Group
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

**17.02    What is an Impaired Claim or Impaired Equity Interest?**

As noted above, the holder of an allowed claim or equity interest has the right to vote only if it is in a class that is impaired under the Plan. As provided in § 1124 of the Code, a class is considered impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class.

**17.03    Who is Not Entitled to Vote**

The holders of the following types of claims and equity interests are not entitled to vote:

- Holders of claims and equity interests that have been disallowed by an order of the Court;

- Holders of other claims or equity interests that are not "allowed claims" or "allowed equity interests" (as discussed above), unless they have been "allowed" for voting purposes.

- Holders of claims or equity interests in unimpaired classes;

- Holders of claims entitled to priority pursuant to §§ 507(a)(2), (a)(3), and (a)(8) of the Code; and

- Holders of claims or equity interests in classes that do not receive or retain any value under the Plan; and

- Administrative expenses.

**17.04    Who Can Vote in More Than One Class**

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim, or who otherwise hold claims in multiple classes, is entitled to accept or reject a Plan in each capacity, and should cast one ballot for each claim.

**ARTICLE XVIII.**

**Votes Necessary to Confirm the Plan**

If impaired classes exist, the Court cannot confirm the Plan unless (1) at least one impaired class of creditors has accepted the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is

Elevate Law Group
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

eligible to be confirmed by "cram down" on non-accepting classes, as discussed in Section 1.a, below.

### 18.01   Votes Necessary for a Class to Accept the Plan

A class of claims accepts the Plan if both of the following occur: (1) the holders of more than one-half (1/2) of the allowed claims in the class, who vote, cast their votes to accept the Plan, and (2) the holders of at least two-thirds (2/3) in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the Plan.

A class of equity interests accepts the Plan if the holders of at least two-thirds (2/3) in amount of the allowed equity interests in the class, who vote, cast their votes to accept the Plan.

### 18.02   Treatment of Nonaccepting Classes

Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the nonaccepting classes are treated in the manner prescribed by § 1129(b) of the Code. A plan that binds nonaccepting classes is commonly referred to as a "cram down" plan. The Code allows the Plan to bind nonaccepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of § 1129(a)(8) of the Code, does not "discriminate unfairly," and is "fair and equitable" toward each impaired class that has not voted to accept the Plan.

You should consult your own attorney if a "cramdown" confirmation will affect your claim or equity interest, as the variations on this general rule are numerous and complex.

### ARTICLE XIX.

### Best Interests of Creditors

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation.  The Plan proposes to pay all creditors

Elevate Law Group
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

in full, plus interest.  Therefore, the Plan satisfies the requirement that the Debtor pay at least as much as creditors would be paid in a Chapter 7 bankruptcy case.

## ARTICLE XX.

### Feasibility

The Court must find that Confirmation of the Plan is not likely to be followed by the liquidation or further financial reorganization of the Debtor, or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.  Liquidation is proposed in the Plan.

## ARTICLE XXI.

### Effect of Confirmation of Plan

Debtor shall not receive a discharge upon Plan confirmation.

## ARTICLE XXII.

### Modification of Plan

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. The Plan may be modified at any time after confirmation of the Plan but before the completion of payments under the Plan, but may not modify such plan so that such plan fails to meet the requirements of 11 U.S.C. §§ 1122 and 1123.  Such modified plan will become the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under 11 U.S.C. § 1129.

## ARTICLE XXIII.

### Final Decree

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final decree on its own

Elevate Law Group
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

motion.  All fees required under 28 U.S.C. § 1930(a)(6) must be paid prior to the entry of an

order for final decree.


Dated: May 30, 2025                          ELEVATE LAW GROUP


                                             /s/ Nicholas J. Henderson
                                             Nicholas J. Henderson, OSB #074027
                                             (503) 417-0508 Direct
                                             E-mail: nick@elevatelawpdx.com
                                             Of Proposed Attorneys for Debtor-in-Possession

Elevate Law Group
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

**EXHIBIT 1**
**LIQUIDATION ANALYSIS**

|  | **Chapter 11 Value** | **Chapter 7 (Estimated)** |
|---|---|---|
| Sale Price for Property | $15,300,000 | $9,000,000 |
| Broker Commission | ($765,000) | ($450,000) |
| Closing Costs | ($153,000) | ($90,000) |
| Administrative Expenses |  |  |
| Attorney Fees | ($150,000) | ($10,000.00) |
| Chapter 11 US Trustee Fee | ($153,000) |  |
| Chapter 7 Trustee Commission |  | ($293,250) |
| **Net Proceeds:** | $14,079,000 | $8,156,750 |

** Calculations for a chapter 7 trustee's commission are set out below

| | | | |
|---|---|---|---|
| 25% of First $5,000 | $1,250.00 | 0.25 | $5,000.00 |
| 10% of next $45,000 | $4,500.00 | 0.10 | $45,000.00 |
| 5% of next $950,000 | $47,500.00 | 0.05 | $950,000 |
| 3% beyond $1,000,000 | $240,000.00 | 0.03 | $8,000,000.00 |
| TOTAL: | $293,250.00 | | |

Elevate Law Group
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

**EXHIBIT 2**
**APPRAISAL REPORT**
**(ATTACHED)**

{00714406:3}

Elevate Law Group
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com